UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. DYKES-BEY,

    Plaintiff,

v.

O.T. WINN, WARDEN LLOYD W.
RAPELJE, SERGEANT ROLAND PRICE,
and CORRECTIONAL OFFICER JOSEPH
CRAWLEY,

    Defendants.
_____/

Case No. 13-CV-13813
Honorable Patrick J. Duggan

## OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE KOMIVES' MARCH 3, 2014 REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS

On September 6, 2013, Plaintiff, a Michigan Department of Corrections' prisoner, filed this pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff, who is African-American, alleges that Defendants failed to protect him from other inmates but provided protection to his cellmate, Prisoner Eckstein, who is white. Plaintiff claims that Defendants' conduct constituted cruel and unusual punishment in violation of his Eighth Amendment rights and a violation of his Fourteenth Amendment rights to due process and equal protection. On January 28, 2014, Defendants filed a motion to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6). Plaintiff filed a response to the motion on February 27, 2014. This case has been referred to Magistrate Judge Paul Komives for all pretrial purposes. (ECF No. 20.)

On March 3, 2014, Magistrate Judge Komives issued a Report and Recommendation ("R&R") in which he recommends that this Court grant Defendants' motion and dismiss all claims asserted in Plaintiff's Complaint.[1] (ECF No. 23.) Magistrate Judge Komives finds that Plaintiff fails to allege facts suggesting that Defendant Warden Lloyd Rapelje was personally involved in the alleged deprivations of his civil rights and that, therefore, Plaintiff's claims against him must be dismissed. (*Id.* at 6.) As to Plaintiff's deliberate indifference claim based on Defendants' alleged failure to protect Plaintiff from threats from other inmates, Magistrate Judge Komives finds no allegations in the Complaint to indicate that Defendants were aware of any threats to Plaintiff's safety before he was attacked by other inmates. (*Id.* at 9.) With respect to Plaintiff's claim that Defendants failed to protect him from a future assault that never happened, Magistrate Judge Komives concludes that such a claim fails to state a claim upon which relief may be granted. (*Id.* at 9-10.)

---

[1] As indicated infra, Defendants do not seek dismissal of Plaintiff's equal protection claim in their motion to dismiss. Magistrate Judge Komives nevertheless recommends dismissal of that claim in his R&R.

In his Complaint, Plaintiff also asserts a due process claim based on false misconduct tickets issued when he failed to obey orders to return from segregation to his cell in the general population after he was physically attacked. Magistrate Judge Komives concludes that this claim fails because Plaintiff does not assert the violation of life, liberty, or property interests in his Complaint. (*Id*. at 10-11.) To the extent Plaintiff argues in response to Defendants' motion that the issuance of the false misconduct tickets constituted retaliation in violation of his First Amendment rights, Magistrate Judge Komives concludes that the claim fails for two reasons. (*Id*. at 12.) First, the claim was not asserted in the Complaint. Second, Magistrate Judge Komives finds that even in his response brief, Plaintiff fails to assert that he engaged in any protected conduct. Lastly, Magistrate Judge Komives concludes that Plaintiff's equal protection claim fails because the allegations in his Complaint are insufficient to state a viable claim in that they fail to give rise to a plausible inference of discrimination. (*Id*. at 13.)

At the conclusion of the R&R, Magistrate Judge Komives advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at 15.) He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) Plaintiff filed objections, signed and dated March 20, 2014, that were received by

the Court on March 24, 2014.  (ECF No. 26.)

## Standard of Review

When objections are filed to a report and recommendation by a magistrate judge on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1). The court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the Report and Recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

## Analysis

Plaintiff asserts four objections to Magistrate Judge Komives' R&R.

## Objection One

Plaintiff first objects to the magistrate judge's finding that the Complaint fails to allege facts to establish Defendant Rapelje's direct involvement in the

constitutional violations asserted. Plaintiff argues that Defendant Rapelje was aware of the decision to release Plaintiff into the general population and could have, but chose not to, correct that decision.

As Magistrate Judge Komives correctly recited in his R&R, liability under § 1983 must be based on more than the right to control employees. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325-26, 102 S. Ct. 445, 453-54 (1981); *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978). Thus, § 1983 liability cannot be premised upon mere allegations of respondeat superior. *Monell*, 436 U.S. at 691, 98 S. Ct. at 2036; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009). A party cannot be held liable under § 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932, 110 S. Ct. 2173 (1990); *Hays v. Jefferson Cnty, Ky.*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845, 105 S. Ct. 156 (1984).

Supervisory officials can be found liable for the acts of their subordinates only if the plaintiff establishes that the supervisor failed to appropriately discharge

his supervisory duties, and that this failure resulted in a denial or deprivation of the plaintiff's federal rights. *See, e.g., Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). The failure of a supervisor to supervise, control or train the offending employee is not actionable, however, absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246.

Plaintiff argues that Defendant Rapelje knowingly acquiesced in the misconduct by accepting the decision to deny Plaintiff's request for protective custody. Plaintiff refers the Court to Exhibit E-4 to his Complaint, the denial of his Step II Grievance Appeal by Defendant Rapelje. (*See* ECF No. 1 at Pg ID 23.) However, the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Further, Defendant Rapelje indicated on this document that he was denying the grievance because an investigation conducted after Plaintiff was assaulted concluded that he could be safely housed with the general population. (ECF No. 1 at Pg ID 23.) Plaintiff fails to allege any facts to suggest that this conclusion was wrong– or more importantly that Defendant Rapelje had a reason to doubt its accuracy– and thus that Defendant Rapelje was

knowingly acquiescing in the violation of Plaintiff's constitutional rights.

The Court therefore rejects Plaintiff's objection and adopts Magistrate Judge Komives' recommendation to dismiss Plaintiff's claims against Defendant Rapelje.

### Objection Two

Plaintiff next argues that Magistrate Judge Komives erred in rejecting his Eighth Amendment claim based on the fact that any risk of harm never materialized after Plaintiff was first attacked and Defendants became aware of any threat to Plaintiff. Plaintiff contends that he suffered psychological pain (i.e., fear and mental anguish) when Defendants refused to place him in protective custody after he was threatened and physically attacked. He argues that this is sufficient to support his Eighth Amendment claim. The Court rejects Plaintiff's objection for the following reasons.

The Sixth Circuit Court of Appeals has recognized that "prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Sanford*, 148 F.3d 596, 600 (6th Cir. 1998), *cert. denied* 525 U.S. 1139, 119 S. Ct. 1028 (1999)). The court went on to state, however, that "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Id*. The court elaborated:

> the deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities,'" . . . and, in prison condition cases . . . the prison officials must exhibit deliberate indifference to the health or safety of the inmate. . . . Implicit in this standard is the recognition that the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence.

*Id*. at 600-01 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1978 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981)). As such, the *Wilson* court advised that "a non-physical injury such as fear of assault" will not demonstrate the "*extreme* deprivations . . . required to make out a conditions-of-confinement claim" and thus will not support a claim for monetary damages under the Eighth Amendment. *Id*. at 601 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (emphasis added in *Wilson*)).

*Wilson* instructs that Plaintiff's Eighth Amendment claim is subject to dismissal. Plaintiff does not allege that Defendants had a reason to be aware of any specific risk of harm to him before he was attacked by another inmate. Plaintiff was never physically harmed after Defendants became aware of the threats to him. While the *Wilson* court indicated that injunctive relief might be appropriate "to remedy prison conditions fostering unconstitutional threats of harm to inmates[,]" *id*. at 601, there is no indication that Plaintiff continues to be threatened.

The Court therefore is adopting the recommendation to dismiss Plaintiff's Eighth Amendment claim.

## Objection Three

In his third objection, Plaintiff argues that Magistrate Judge Komives erred in finding no due process violation based on the issuance of false misconduct tickets that resulted in Plaintiff being placed in segregation for twenty-eight days. Plaintiff also argues that Magistrate Judge Komives erred in rejecting his retaliation claim based on Plaintiff's failure to allege that he engaged in protected conduct.

A prisoner's ability to challenge a prison misconduct ticket depends on whether any liberty interest is implicated, as the Due Process Clause protects only deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1. The Supreme Court has held that a prisoner may be able to raise a due process challenge to prison misconduct charges that result in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995); *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004). However in *Sandin*, the Court further held that a prisoner's placement in segregation does not present the type of atypical or significant deprivation sufficient to state a due process claim. *Sandin*, 515 U.S. at

486, 115 S. Ct. at 2301; *see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (finding that the prisoner's placement in segregation for more than ten months did not constitute an atypical or significant deprivation sufficient to state a due process claim); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Magistrate Judge Komives therefore correctly concluded that Plaintiff failed to establish the deprivation of a liberty interest sufficient to state a viable due process claim.

Plaintiff also argues that Magistrate Judge Komives erred in finding that he failed to allege protected conduct to show that the misconduct tickets were issued in retaliation for the exercise of his First Amendment rights. Plaintiff contends that his protected conduct was speaking "in opposition of the orders he was given to put his life in danger"– that is, when he refused the order to return to the general population. (Pl.'s Obj. at 6.)

To state a valid First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). However, "if a prisoner violates a legitimate prison regulation, he is not engaged in

-10-

'protected conduct,' and cannot proceed beyond step one." *Id*. at 395. The Sixth Circuit has indicated with respect to the third factor that the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568 (1977)).

Here, Plaintiff was issued misconduct tickets for refusing Defendants Price's and Crawley's orders to return to his cell in the general population. He was charged with disobeying a direct order. (*See* ECF No. 1 at Pg ID 31, 37, 38.) Plaintiff admits that he disobeyed the orders given by these prison officials. Accordingly, because he violated a legitimate prison regulation, he cannot satisfy the first prong of his First Amendment retaliation claim.

For these reasons, the Court rejects Plaintiff's objection addressed to Magistrate Judge Komives' analysis of his due process claim and adopts Magistrate Judge Komives' recommendation to grant Defendants' motion to dismiss that claim.

### Objection Four

Plaintiff's final objection relates to Magistrate Judge Komives' analysis of

his equal protection claim. Specifically Plaintiff argues that the magistrate judge erred in finding that Plaintiff and Eckstein (Plaintiff's cellmate) were not similarly situated and thus that Plaintiff's allegations failed to give rise to a plausible discrimination claim. Based on the allegations in Plaintiff's Complaint and the documents attached thereto, Magistrate Judge Komives concluded that Plaintiff and Eckstein were not similarly situated because Eckstein, rather than Plaintiff, was the focus of the assault by other inmates. (ECF No. 23 at 13.) In his R&R, Magistrate Judge Komives also found that "Eckstein was placed in protective custody immediately after the assault to [P]laintiff, when it was too late to protect [P]laintiff but not too late to protect Eckstein[.]" (*Id.*)

    As an initial matter, the Court notes that Defendants did not seek dismissal of Plaintiff's equal protection claim in their motion to dismiss. This alone does not require the Court to reject Magistrate Judge Komives' recommendation to dismiss the claim, however, as the Prison Litigation Reform Act ("PLRA") requires district courts to screen civil actions brought by prisoners against a governmental entity or officer or employee of a governmental entity and to sua sponte dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

A plaintiff claiming a violation of the Equal Protection Clause of the Fourteenth Amendment must show that a state actor intentionally discriminated against the plaintiff because of the plaintiff's membership in a protected class. *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767 (1987); *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). "The purpose of the Equal Protection Clause is to 'protect[ ] against invidious discrimination among similarly-situated individuals . . . .' thereby ensuring that all similarly-situated people are treated alike." *Dog Pound, LLC v. City of Monroe, Mich.*, – F. App'x –, 2014 WL 929154, at *2 (6th Cir. 2014) (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006)).

> Plaintiff asserts an equal protection claim in his Complaint, stating:
>
> Defendant O.T. Winn discriminated against the Plaintiff when he approved that prisoner Eckstein (who was not assaulted) be given protection, but denied the Plaintiff (who was assaulted) protection. The only conceivable reason is that prisoner Eckstein is white and the Plaintiff is black.

(ECF No. 1 at Pg ID 10.) Referring generally to the documents attached to Plaintiff's Complaint, Magistrate Judge Komives found evidence that he concluded refuted Plaintiff's assumption that race was the cause of the disparate treatment of Plaintiff and Eckstein. Magistrate Judge Komives therefore recommended dismissal of Plaintiff's equal protection claim. This Court believes that the

-13-

magistrate judge went too far in evaluating the merits of Plaintiff's claim at this stage of the proceedings.

In his Complaint, Plaintiff alleges that a note was slid under his prison cell door on September 15, 2011, threatening Eckstein *and* Plaintiff. (ECF No. 1 at Pg ID 6.) The following day, while exiting the unit for breakfast, Plaintiff allegedly was stabbed twice in the head by an unknown assailant. (*Id.*) According to the documents attached to Plaintiff's Complaint, prison guards subsequently located the weapon used during the attack. (*Id.* at Pg Id 13, 23.)

After receiving treatment for his injuries, Plaintiff was placed in segregation. (*Id.* at Pg Id. 6.) Eckstein, however, asked to be placed in protected custody and was transferred to a protective unit. (*Id.*) Despite Plaintiff's requests to also be placed in protective custody, he was ordered back to the general population. Plaintiff alleges that he subsequently was approached and threatened by other inmates in the yard on October 20, 2011. Prison officials refused to provide protection for Plaintiff, however, because they concluded that his claims could not be adequately substantiated and that he did not have any reason to be in fear. (*Id.* at Pg ID 13.) The decision rejecting Plaintiff's request for protection reflects that prison officials denied Plaintiff's request based on Plaintiff's indication that he did not owe anyone money. (*Id.*)

At this stage of the proceedings, the Court believes that Petitioner's factual allegations are sufficient to survive summary review under § 1915A. Assuming that Plaintiff's allegations are true, this Court cannot conclude – as the magistrate judge did– that "it was too late to protect Plaintiff but not too late to protect Eckstein" or that "Eckstein, not [P]laintiff was the focus of the inmate who assaulted [P]laintiff." (*See* ECF No. 23 at 13.) Instead, Plaintiff's allegations indicate that: (1) he and Eckstein were similarly situated as the written threat was directed to both inmates regardless of who owed the debt; and (2) prison officials treated Plaintiff and Eckstein differently in that Plaintiff was ordered to return to the general population and Eckstein was placed in protective custody.

Whether considering Defendants' motion to dismiss or reviewing Plaintiff's Complaint under § 1915A, this Court must construe the Complaint in a light most favorable to Plaintiff and accept all of his allegations as true. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)); *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 974 (6th Cir. 2012) (applying the standard for evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) to the district court's determination of whether to dismiss a prisoner's claims under 28 U.S.C. § 1915A). With respect to the claims in a plaintiff's complaint, Rule 8 of the Federal Rules of Civil Procedure

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (additional quotation marks and citation omitted)). The facts alleged by the plaintiff, however, "must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

Additionally, to assert a viable discrimination claim, the plaintiff need not plead facts in the complaint establishing a prima facie case under the burden-shifting framework outlined in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *Keys*, 684 F.3d at 609 (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510, 122 S. Ct. 992 (2002)). "[T]he ordinary rules of notice pleading apply" and thus the complaint need only give " 'fair notice' of the basis of the plaintiff's

claims." *Id.* (quoting *Swierkiewicz*, 534 U.S. at 514, 122 S. Ct. at 999). Thus, whether Defendants had a legitimate, non-discriminatory reason for treating Plaintiff and Eckstein differently (as Magistrate Judge Komives concluded) is not relevant to evaluating whether Plaintiff's allegations are sufficient to state a plausible equal protection claim.

Ultimately, Plaintiff might not prevail on his equal protection claim if he fails to show that Defendants' proffered reasons for treating him differently were a pretext for discrimination. He need not make that showing now, however. *See Keys, supra*. Notably, in the case Magistrate Judge Komives cites in his R&R to reflect the proof a plaintiff must present to support a discrimination claim, the court was ruling on the defendants' *motion for summary judgment* rather than evaluating the sufficiency of the plaintiff's complaint under Federal Rule of Civil Procedure 8. (*See* ECF No. 23 at 14.)

For these reasons, the Court rejects Magistrate Judge Komives' recommendation to dismiss Plaintiff's equal protection claim.

## Conclusion

In summary, the Court agrees with Magistrate Judge Komives that Plaintiff fails to plead viable claims against Defendant Lloyd Rapelje and claims alleging violations of his rights under the Eighth Amendment, First Amendment, and the

Due Process Clause of the Fourteenth Amendment. As such, the Court adopts the magistrate judge's recommendation to grant Defendants' motion to dismiss. In that motion, however, Defendants do not seek dismissal of Plaintiff's claim alleging discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. The Court concludes that Plaintiff's factual allegations with respect to that claim satisfy Rule 8's pleading requirements. Therefore Plaintiff's equal protection claim is not subject to sua sponte dismissal under 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED**, that the Court adopts in part and rejects in part Magistrate Judge Komives' March 3, 2014 Report and Recommendation;

**IT IS FURTHER ORDERED**, that Defendants' motion to dismiss is **GRANTED** in that Plaintiff's claims against Defendant Lloyd W. Rapelje are dismissed and Defendant Rapelje is dismissed as a party to this lawsuit and Plaintiff's claims alleging violations of the First and Eighth Amendments and Due Process Clause of the Fourteenth Amendment are dismissed with prejudice. Plaintiff's Equal Protection claim against the remaining Defendants, however, is not dismissed.

Dated: April 14, 2014                              s/PATRICK J. DUGGAN

                                        UNITED STATES DISTRICT JUDGE

Copies to:
Robert L. Dykes-Bey
#201541
Michigan Reformatory
1342 West Main
Ionia, MI 48846

AAG Allan J. Soros
Magistrate Judge Paul J. Komives