UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE DYKES (#201541),

          CASE NO. 2:13-CV-13813
    Plaintiff,    JUDGE PATRICK J. DUGGAN
          MAGISTRATE JUDGE PAUL J. KOMIVES

v.

O'BELL T. WINN,
LLOYD RAPELJE,
ROLAND PRICE,
JOSEPH CRAWLEY and
JOHN DOE,

    Defendants,
               /

### ORDER DENYING WITHOUT PREJUDICE
### PLAINTIFF'S MARCH 4, 2014 MOTION FOR APPOINTMENT OF COUNSEL
### (Doc. Ent. 24)

**A. Plaintiff filed his complaint against five (5) defendants.**

Robert Lee Dykes (#201541) is currently incarcerated at the Michigan Department of Corrections (MDOC) Michigan Reformatory (RMI) in Ionia, Michigan. On September 6, 2013, while incarcerated at RMI, Dykes filed the instant lawsuit against five (5) defendants, each of the Saginaw Correctional Facility (SRF): Deputy Warden O. T. Winn, Warden Lloyd W. Rapelje, Sgt. Price, J. Crawley and an unnamed defendant. Doc. Ent. 1 at 1-10; *see also* Doc. Ent. 1 at 11 (Index of Exhibits), Doc. Ent. 1 at 12-50 (Exhibits).

The facts underlying plaintiff's complaint concern the events of September 15, 2011 through November 9, 2011. Doc. Ent. 1 at 6-8. Among plaintiff's claims are allegations of failure to protect, false misconduct ticket(s) and an Equal Protection violation. Doc. Ent. 1 at 9-

10.  Plaintiff's prayer for relief seeks an award of compensatory damages and the imposition of discipline upon defendants.  Doc. Ent. 1 at 4-5.

**B.	One (1) defendant has been dismissed, leaving three (3) named defendants.**

On January 28, 2014, defendants O'Bell T. Winn, Lloyd Rapelje, Roland Price and Joseph Crawley filed a motion to dismiss.  Doc. Ent. 19.  Thereafter, I entered a report recommending that the Court should "conclude that plaintiff has failed to state a claim upon which relief may be granted with respect to any of the claims asserted in his complaint[,]" and "grant defendants' motion to dismiss."  Doc. Ent. 23 at 14.

However, on April 14, 2014, Judge Duggan entered an opinion and order (Doc. Ent. 27) adopting in part and rejecting in part my March 3, 2014 report and recommendation (Doc. Ent. 23) and granting defendants' motion to dismiss (Doc. Ent. 19).  In summary, Judge Duggan wrote:

> . . . the Court agrees with Magistrate Judge Komives that Plaintiff fails to plead viable claims against Defendant Lloyd Rapelje and claims alleging violations of his rights under the Eighth Amendment, First Amendment, and the Due Process Clause of the Fourteenth Amendment. As such, the Court adopts the magistrate judge's recommendation to grant Defendants' motion to dismiss. In that motion, however, Defendants do not seek dismissal of Plaintiff's claim alleging discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. The Court concludes that Plaintiff's factual allegations with respect to that claim satisfy Rule 8's pleading requirements. Therefore Plaintiff's equal protection claim is not subject to sua sponte dismissal under 28 U.S.C. § 1915A.

Doc. Ent. 27 at 17-18.  As a result, Rapelje was dismissed as a party to this lawsuit.  Doc. Ent. 27 at 18.

On April 15, 2014, MDOC defendants O'Bell T. Winn, Roland Price and Joseph Crawley filed an answer to plaintiff's complaint, affirmative defenses and jury demand.  Doc. Ent. 28.  Plaintiff filed a response to defendants' answer on April 29, 2014.  Doc. Ent. 32.

**C.     Plaintiff's March 4, 2014 motion for the appointment of counsel is pending.**

1.     Judge Duggan has referred this case to me for pretrial matters. Doc. Ent. 30. Currently before the Court is plaintiff's March 4, 2014 motion for appointment of counsel. Doc. Ent. 24 at 1 (Motion); *see also* Doc. Ent. 24 at 2-5 (Brief) & Doc. Ent. 25 at 1-2 (Affidavit).

Plaintiff's request is based upon 28 U.S.C. § 1915 ("Proceedings in forma pauperis"), which provides in part that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

"In determining whether an indigent litigant is in need of appointed counsel, a number of factors are relevant including: the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322-1323 (8th Cir.1986)). The Court might also consider the merits of the case. *See*, *i.e.*, *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) ("the criteria to be used in making the decision included the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel.") (citing *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir. 1983)); *Rucks*

3

*v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) ("We recently reiterated the factors to be considered in deciding whether to appoint counsel, including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.') (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991)).

2.      Among the claims plaintiff makes in his March 4, 2014 motion is the statement that RMI "limits the hours that [he] may have access to . . . the law library, and the law materials contained [at RMI] are inadequate[] and limited."  Doc. Ent. 24 at 1 ¶ 3.  Similarly, plaintiff's March 4, 2014 affidavit states:

> The Plaintiff is only allowed a certain amount of law library time, and the library itself is inadequate for the type of research needed for this case, also the Plaintiff does not have the means to locate the necessary witnesses.

Doc. Ent. 25 at 2 ¶ 9; *see also* Doc. Ent. 24 at 4 ¶ 3 ("law library time is limited to three (3) days a week, and the library is inadequate.").  Furthermore, plaintiff attests that he "only has a G.E.D. and no legal education."  Doc. Ent. 25 at 2 ¶ 8.

Then, within his March 4, 2014 brief, plaintiff discusses (1) factual complexity, (2) his ability to properly investigate, (3) his ability to present his claim, (4) legal complexity and (5) the merit of his case.  Doc. Ent. 24 at 3-5.  For example, citing among other cases *Tucker v. Randall*, 948 F.2d 388, 391-392 (7th Cir. 1991),[1] plaintiff notes that he "has been transferred and no longer resides at the institution where the incident took place[.]" Doc. Ent. 24 at 4 ¶ 2.  Also,

---

[1] "[P]laintiff is unable to investigate crucial facts because he currently is incarcerated in a facility different from that in which the alleged conduct took place." *Tucker*, 948 F.2d at 391.

citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984),[2] plaintiff claims he "is an indigent prisoner with no legal training[.]" Doc. Ent. 24 at 4 ¶ 3.

**3.** In addition to the matters plaintiff filed on March 4, 2014 **(Doc. Entries 24 & 25)**, plaintiff has offered other filings on his own behalf. For example, he has filed his complaint **(Doc. Ent. 1)**; his application to proceed without prepaying fees or costs **(Doc. Ent. 2)**, which was granted by this Court (Doc. Ent. 7); a motion for reconsideration **(Doc. Ent. 5)**, which was granted by this Court (Doc. Ent. 6); a motion requesting clarification **(Doc. Ent. 12)**, which was denied by this Court (Doc. Ent. 13); a response **(Doc. Ent. 22)** to defendants' motion to dismiss (Doc. Ent. 19); an objection **(Doc. Ent. 26)** to my report and recommendation (Doc. Ent. 23), which objection was considered by the Court in its April 14, 2014 order (*see* Doc. Ent. 27 at 3-4); and a response **(Doc. Ent. 32)** to defendants' answer (Doc. Ent. 28) to the complaint (Doc. Ent. 1).

**4.** Having considered plaintiff's filings to date, I conclude that plaintiff is doing an adequate job representing himself at this time. This conclusion is buttressed by the Court's April 14, 2014 decision that plaintiff's equal protection claim "is not subject to sua sponte dismissal under 28 U.S.C. § 1915A." Doc. Ent. 27 at 18.

Therefore, plaintiff's March 4, 2014 motion for the appointment of counsel (Doc. Ent. 24) is denied without prejudice. Plaintiff may renew his request if his case survives a Fed. R.

---

[2] "[I]t is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant*, 739 F.2d at 163 (citing cases). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id*.
However, in *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 420 U.S. 296 (1989), the Supreme Court held that "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel." *Mallard*, 490 U.S. at 310.

Civ. P. 56 motion for summary judgment or if other circumstances warranting the appointment of counsel arise.

**D.      Order**

Accordingly, plaintiff's March 4, 2014 motion for appointment of counsel (Doc. Ent. 24) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: May 7, 2014               s/Paul J. Komives
                                 PAUL J. KOMIVES
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 7, 2014, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Paul J. Komives