UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. DYKES-BEY,

       Plaintiff,

vs.

O.T. WINN, et al.,

       Defendants.
_____/

Civil Action No.
13-CV-13813

Honorable Patrick J. Duggan

### ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

On May 7, 2014, Magistrate Judge Paul J. Komives issued an order denying without prejudice Plaintiff's March 4, 2014 motion for appointment of counsel. The Magistrate Judge concluded that Plaintiff has adequately represented himself thus far in this litigation and that exceptional circumstances do not exist warranting appointment of counsel. Plaintiff has filed a timely objection to the Magistrate Judge's order. The Court has authority to modify or set aside the Magistrate Judge's order to the extent it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). "A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). Moreover, under the contrary to law standard, the Court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

In his objection, Plaintiff does not argue that the Magistrate Judge's order is clearly erroneous or contrary to law.  Rather, he argues that the reasons given by the Magistrate Judge for denying his motion are "insufficient" and that appointment of counsel is appropriate because an attorney could do a better job of litigating this matter than could Plaintiff.  However, the Court does not base its decision to appoint counsel on whether an attorney can do a better job. *See Jackson v. Marriott*, No. 13-CV-10827, 2014 WL 905839, at *3 (E.D. Mich. Mar. 7, 2014) (explaining that the test for appointment of counsel is not whether an attorney could do a better job).  Additionally, the Court notes that appointment of counsel in a civil case is not a constitutional right; rather, it is a privilege that is justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993).  Having reviewed the Magistrate Judge's order and Plaintiff's objection, the Court concludes that the Magistrate Judge accurately recounted the pertinent facts and applied the appropriate legal framework in denying Plaintiff's motion for appointment of counsel.  Accordingly, the Magistrate Judge's order is not clearly erroneous or contrary to law, and Plaintiff's objection is overruled.

**SO ORDERED**.


Dated: June 4, 2014                              s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE