UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. DYKES-BEY,

       Plaintiff,                           Civil Action No.
                                                13-CV-13813

vs.

                                                Honorable Patrick J. Duggan

O.T. WINN, et al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is presently before the Court on Plaintiff's motion for reconsideration of the Court's opinion and order, issued on April 14, 2014, adopting in part and rejecting in part the March 3, 2014 Report and Recommendation (R&R) of Magistrate Judge Paul J. Komives. In the Court's April 14 opinion and order, the Court (1) adopted the Magistrate Judge's recommendation that the claims against Defendant Warden Lloyd Rapelje be dismissed; (2) adopted the Magistrate Judge's recommendation that Plaintiff's failure to protect claim under the Eighth Amendment be dismissed; (3) adopted the Magistrate Judge's recommendation that Plaintiff's retaliation claim under the First Amendment be dismissed; (4) adopted the Magistrate Judge's recommendation that Plaintiff's due process claim be dismissed; and (5) rejected the Magistrate Judge's recommendation that Plaintiff's equal protection claim be dismissed.

In the present motion for reconsideration, Plaintiff asks the Court to reconsider holdings (1) through (3), above.[1] The Court will not grant motions for reconsideration that "merely

---

[1] The Court overruled Plaintiff's initial objection that the Magistrate Judge erred in finding no due process violation based on the issuance of false misconduct tickets that resulted in

present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). A movant seeking reconsideration must (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). The Court addresses Plaintiff's arguments, in turn.

Argument One

Plaintiff first argues that the Court erroneously dismissed his claim against Defendant Warden Rapelje. Plaintiff claims that Defendant Rapelje is liable under 42 U.S.C. § 1983 because, through denying a grievance filed by Plaintiff, Defendant Rapelje failed to reverse the decision of his subordinates to deny Plaintiff's request for protective custody. The Court dismissed this claim because the denial of a grievance or failure to act upon the filing of a grievance is insufficient to establish liability under § 1983, and Plaintiff failed to allege any facts showing that, in denying the grievance, Defendant Rapelje unreasonably relied on the results of an investigation concluding that Plaintiff could safely be returned to the general population.

In his motion for reconsideration, Plaintiff reiterates his belief that Defendant Rapelje was aware that the other Defendants deprived Plaintiff of his constitutional rights because the final decision of the other Defendants was approved by Defendant Rapelje. Plaintiff reasserts his claim that Defendant Rapelje condoned the decision of the other Defendants not to grant Plaintiff protective custody because he did not reverse their decision. The Court already rejected these arguments, holding that denying a grievance does not establish liability under § 1983.

---

Plaintiff being placed in segregation for twenty-eight days. ECF No. 27 at Pg ID 201. In his motion for reconsideration, Plaintiff does not seek reconsideration of this ruling, asserting only that "he [Plaintiff] never tried to bring forth claims challenging the false misconducts, as the misconducts resulted in not guilty findings." ECF No. 34 at Pg ID 237.

Also, Plaintiff alleges that Defendant Rapelje knowingly acquiesced in the violation of Plaintiff's constitutional rights because he was aware that Plaintiff was assaulted with a weapon and that the assailant had not been caught. Plaintiff argues that because Defendant Rapelje knew the assailant had not been caught, he should have inferred that Plaintiff still needed protection. However, as mentioned, in failing to reverse the decision of his subordinates to send Plaintiff back to the general population, Defendant Rapelje relied on the results of an investigation concluding that it was safe to do so, and Plaintiff has not alleged that Defendant Rapelje had reason to doubt the accuracy of that investigation. Moreover, even if the Court accepted Plaintiff's argument that Defendant Rapelje should have known that the decision of his subordinates to send Plaintiff back to the general population was unconstitutional, merely arguing that a supervisor was aware of allegedly unconstitutional conduct but did not take appropriate corrective action is insufficient to impose liability on supervisory personnel under § 1983. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("[A] supervisory official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some way directly participated in it.'") (quoting *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)).

For these reasons, Plaintiff has not shown a palpable defect by which the Court has been misled with regard to its decision to dismiss the § 1983 claim against Defendant Rapelje.

<u>Argument Two</u>

Plaintiff next argues that the Court erred in dismissing his failure to protect claim against all four Defendants. Plaintiff complains that Defendants were indifferent to his safety because they failed to take steps to protect him from a potential future assault – one that did not, in the end, materialize. The Court dismissed this claim because the only harm Plaintiff alleges is

psychological pain, as another assault on Plaintiff never took place. As the Court previously held, non-physical injuries such as fear of assault do not demonstrate the extreme deprivations required to support a claim for monetary damages under the Eighth Amendment.

In his motion for reconsideration, Plaintiff again argues that the psychological pain that he suffered should be enough to support his Eighth Amendment claim, an argument previously rejected by this Court. In rejecting Plaintiff's argument, the Court relied on *Wilson v. Yaklich*, 148 F.3d 596 (6th Cir. 1998) for the proposition that "[h]owever legitimate [Plaintiff's] fear may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Wilson*, 148 F.3d at 601 (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)). Plaintiff does not explain how the Court erred by relying on *Wilson*.

Additionally, Plaintiff argues that Defendants should have protected him from the initial assault because they knew that Plaintiff was not well liked. This argument fails to two reasons. First, knowledge of a generalized attitude towards a prisoner is not enough to support a failure to protect claim. *See, e.g.*, *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (focusing on the previous explicit threats to prisoners to determine that prison conditions posed a substantial risk of harm warranting protection). Second, Plaintiff concedes in his complaint that the guards did not know about the note threatening Plaintiff and his cellmate until after the attack.[2] Because Defendants did not know of the threatening note until after the assault, there was no "reasonably preventable assault," and thus no Eighth Amendment claim. *Wilson*, 148 F.3d at 601. Because

---

[2] Plaintiff's cellmate Eckstein "who too feared for his life after seeing what had happened to me, gave RUO Duchane the handwritten, threatening note and requested protection, on 9/16/2011, just minutes after I was assaulted." ECF No. 1 at Pg ID 6.

- 4 -

Plaintiff did not demonstrate that Defendants knew about a preventable assault, his claim that Defendants failed to protect him against that assault fails.

Because Plaintiff failed to show a palpable defect by which the Court has been misled, the Court rejects Plaintiff's argument that the Court improperly dismissed his Eighth Amendment claim.

### Argument Three

Plaintiff argues that the Court should reconsider its decision to dismiss the retaliation claim brought against Defendants Sergeant Roland Price and Corrections Officer Joseph Crawley. Plaintiff was issued false misconduct tickets for refusing the order of Defendants Price and Crawley to return to the general population. Plaintiff claims that the issuance of the false misconduct tickets was retaliatory. However, the Court dismissed the claim because, under prevailing case law, one of the elements of a retaliation claim is that the plaintiff engage in protected conduct, and prisoners do not engage in protected conduct when they violate a legitimate prison regulation. Because Plaintiff here admits that he disobeyed the order of Defendants Price and Crawley to return to the general population, the Court concluded that he violated a legitimate prison order and thus did not engage in protected conduct.

In his motion for reconsideration, Plaintiff contends that the Court erred in dismissing his retaliation claim because the order given to him to return to his cell in general population was not legitimate, as he believed his life was in danger if he returned to general population. This is a new legal argument about the illegitimacy of the prison order sending him back to his cell in general population; however, the purpose of a motion to reconsider is not to raise a new legal argument. *See Roger Miller Music Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2012).

In any event, the Court rejects the argument on the merits. Under the circumstances here, Plaintiff's subjective belief that abiding by the order would put his life in "the presence of danger" does not render the order illegitimate, especially where the order did not violate Plaintiff's constitutional rights and no physical harm ultimately resulted. "[A]n inmate's First Amendment right to free speech is not protected if affording protection would be inconsistent with the inmate's 'status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (quoting *Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804 (1974)). The purported protected conduct here – refusing to follow an order regarding the specific location of the prison in which Plaintiff would be housed – is inconsistent with his status as a prisoner and thus unprotected. *See Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (reiterating that a prisoner does not have a constitutional right to placement in a particular security classification or housing assignment).

Because Plaintiff failed to demonstrate a palpable defect by which the Court has been misled, the Court rejects Plaintiff's argument that it improperly dismissed his retaliation claims.

For all these reasons, Plaintiff's motion for reconsideration is **DENIED.** This case will proceed on Plaintiff's equal protection claim only.

**SO ORDERED.**


Dated: June					s/PATRICK J. DUGGAN
						UNITED STATES DISTRICT JUDGE

Copies to:

Robert Dykes
Allan J. Soros, Esq.
Clifton B. Schneider, Esq.